# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD E. CURRY, SR., | Case No. 1:13-cv-1382 LJO-BAM |
| Plaintiffs, | **INFORMATIONAL ORDER** |
| v. | (Docket No. 12) |
| TOM HEID, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding *pro se* in this civil action, filed his complaint in the Stanislaus Superior Court on July 29, 2013. Thereafter, Defendants Tom Heid and Richard Mehaffey removed Plaintiff's complaint to this Court on August 29, 2013. (Doc. 1). This order highlights the specific rules of this Court which the parties should take particular note. Failure to comply with the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal, entry of default or other appropriate sanctions. See Local Rule 110; Fed. R. Civ. P. 41(b). In litigating this action, the parties must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), and this order.

1.  Documents intended to be filed with the Court must be mailed to the Clerk of the Court. See Local Rule 134(a). All documents improperly mailed to a judge's chambers will be stricken from the record. A document requesting a Court order must be styled as a motion. *See* Fed. R.

Civ. P. 7.

2. Each document submitted for filing must include the original signature(s) of the filing party or parties. Local Rule 131; Fed. R. Civ. P. 11(a). All documents submitted without the required signature(s) will be stricken. Each separate document must be separately stapled. See Local Rule 130. If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

3. All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. *See* Local Rule 133(d)(2). A document submitted without an extra copy for the Court's use will be stricken. If the filing party would like a file-stamped copy, that party must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned.) The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis. Therefore, if the filing party wishes a file-stamped copy returned, the party must also provide an envelope with adequate postage pre-paid. Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

4. After any defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party. See Fed. R. Civ. P. 5; Local Rule 135(c). A document submitted without the required proof of service will be stricken. Where a party is represented, service on the party's attorney of record constitutes effective service.

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned. Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains. Documents submitted listing more than one case number in the caption will be stricken.

6. The Court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for

example, on a motion for summary judgment, at trial, or when requested by the Court).  Evidence improperly submitted to the Court will be stricken and returned to the party.

7.     All Court deadlines will be strictly enforced.  Requests for time extensions must set forth the reason for the extension and must be filed with the Court before the deadline in question.  See Local Rule 144.

8.     A plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address.  If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice.  *See* Local Rule 182(f).  If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to re-mail it.  If the address is not updated within 60 days of the returned mail, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

9.     Due to the voluminous filings in this district, the Court cannot respond to individual requests for the status of cases; any such requests will be denied.  If the parties inform the Court of any address changes in compliance with Local Rule 183(b), the Court will notify the parties of any Court action taken in their case.

10.    Defendants must respond to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

11.    Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230.  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.

12.    At some point in the litigation, any Defendant may file a motion to dismiss this action on any number of grounds.  Plaintiff is advised of the right to oppose the motion in writing.  Written oppositions must be filed not more than 18 days, plus 3 days for mailing, after the date of service of the motion to dismiss.  Local Rule 230(m) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . . "  This means that the Court may deem Plaintiff's failure to oppose a Defendant's motion to dismiss as a waiver, and may

1  recommend that the motion be granted on that basis.

2  13.   At some point in the litigation, one or more defendants may move for summary judgment
3  as to some or all of plaintiff's claims.  Such a motion is a request for an order for judgment on
4  some or all of plaintiff's claims in favor of defendants without trial.  *See* Fed. R. Civ. P. 56(b).
5  Each defendant's motion will set forth the facts which that defendant contends are not reasonably
6  subject to dispute and that entitle the defendant to judgment as a matter of law.  *See* Fed. R. Civ. P.
7  56(c).  Pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the
8  following requirements for opposing a motion for summary judgment made by defendants
9  pursuant to Fed. R. Civ. P. 56.

10       Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,
11  plaintiff must show proof of his or her claims.  Plaintiff may agree with the facts set forth in a
12  defendant's motion but argue that defendant is not entitled to judgment as a matter of law.
13  Plaintiff may show a defendant's facts are disputed in one or more of the following ways: (1)
14  plaintiff may rely upon statements made under penalty of perjury in the complaint (a)  if the
15  complaint shows that plaintiff has personal knowledge of the matters stated and (b) if plaintiff
16  calls the Court's attention to those portions of the complaint upon which plaintiff relies; (2)
17  plaintiff may serve and file affidavits or declarations setting forth the facts which plaintiff believes
18  prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal
19  knowledge of the facts stated);   (3) plaintiff may rely upon written records, but plaintiff must
20  prove that the records are what plaintiff claims they are;  (4) plaintiff may also rely upon all or any
21  part of the transcript of one or more depositions, answers to interrogatories, or admissions
22  obtained in this proceeding.  Should plaintiff fail to contradict the defendant's motion with
23  affidavits, declarations, or other evidence, defendant's evidence will be taken as truth, and final
24  judgment may be entered without a full trial.  *See* Fed. R. Civ. P. 56(e).

25     If there is some good reason why such facts are not available to plaintiff when required to
26  oppose such a motion, the Court will consider a request to postpone considering a defendant's
27  motion.  *See* Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a request to postpone
28  consideration of the defendant's motion or written opposition to the motion, the court may

consider plaintiff's failure to act as a waiver of opposition to the defendant's motion. Plaintiff's waiver of opposition to the defendant's motion may result in the entry of summary judgment against plaintiff.

14. A motion supported by affidavits or declarations that are unsigned will be stricken.

15. The failure of any party to comply with the order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated: **October 9, 2013**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE