UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD E. CURRY, Sr., <br><br> Plaintiff, <br><br> v. <br><br> TOM HEID, RICHARD MEHAFFEY, UNITED STATES, <br><br> Defendant. | No. 1:13-cv-01382– LJO-BAM <br><br> **FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT AND DEFENDANT MEHAFFEY** <br><br> **(Doc. 9).** |

This case is before the Court on Defendant United States' Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Doc. 9). On October 28, 2013, Plaintiff Clifford Curry ("Plaintiff"), acting *pro se*, filed an opposition in response to Defendant's motion. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 11). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for November 15, 2013. (Doc. 16). For the following reasons, Defendant's Motion to Dismiss should be **GRANTED.**

### BACKGROUND

On July 24, 2013, Plaintiff filed the instant action in Stanislaus County Superior Court seeking $500,000.00 in damages from Defendant Tom Heid and Richard Mehaffey in connection with the administration of his Veterans Administration ("VA") benefits. Plaintiff is a disabled

veteran receiving monthly service-related benefits in connection with a service-connected psychosis. *See* Declaration of Tom Heid ("Heid Decl."), Ex. 2 (Doc. 9-2 at ¶ 5). He was adjudicated as incompetent in June of 2005, and his sister was appointed by the VA to manage his VA benefits. *Id.* at ¶ 5. Upon a finding that Plaintiff's sister mismanaged her brother's VA benefits, she was replaced by Richard Mehaffey on or about July 11, 2009. *Id.* Mr. Mehaffey is the president of VetProPay, a firm in Virginia that provides fiduciary services to incompetent veterans to manage their VA benefits. *Id.* Plaintiff expressed disagreement with the appointment of Mr. Mehaffey, but did not complete the administrative process provided by the VA for challenging the designation. *Id.* at ¶ 5-6. Nevertheless, on May 10, 2010, the VA appointed Curry's wife, Eurdell Jackson Curry, as his fiduciary. *Id.* at ¶ 6.

Thereafter, Plaintiff, filing *pro se*, filed a form complaint naming defendants Tom Heid and Richard Mehaffey in connection with claims arising from the management of his VA benefits. The Judicial Council form complaint alleges causes of action for: "personal injury, wrongful death, intentional tort, and general negligence." (Doc. 1). In his description of liability Plaintiff lists the following:

> Due to gross negligence by Tom Heid and Richard Mehaffey they caused the following upon Clifford E. Curry, Sr.: Severe Emotional distress; Cause death of my wife's Mrs. Vangela Davis-Curry; Unable to receive proper medical treatment and medication; Loss of Veterans benefits; Fraud relating to Veteran's benefits; Excess fiduciary fees, Made mortgage payments to Citibank fraudulent; Made payments to Attorney Clarissa Edwards of Washington, DC. Fraudulent. Violation of Veterans Affairs rules and regulations. Unknown Criminal violations. Gross Civil Rights and Human Rights violations. Disrespectful of Clifford E. Curry, Sr. human rights in all forms. [sic]

On August 29, 2013, the United States removed the case from the Stanislaus County Superior Court to this Court, pursuant to 28 U.S.C. §§ 1442 and 2679(d), because Tom Heid was certified to be a federal employee of the United States Department of Veterans Affairs "acting within the scope of his federal employment at the time of the alleged conduct giving rise to this claim," bringing him under the protection of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Accordingly, the United States also noticed the Court that the United States was the proper defendant in this tort matter, pursuant to 42 U.S.C. § 2679(d).

On September 30, 2013, the United States filed a motion to dismiss Plaintiff's complaint

2

for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff has failed to exhaust administrative remedies under the FTCA prior to filing suit.

## LEGAL STANDARD

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

A Rule 12(b)(1) motion can be "facial," in which case the Court assumes the truth of Plaintiff's factual allegations and draws all reasonable inferences in his favor. *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008). Or, as here, the motion may be a "factual" or "speaking" motion, where the movant submits materials outside the pleadings to support its motion. If evidence is submitted in support of a motion to dismiss, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."' *Colwell v. Dept. of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P 12(h)(3).

Where a Plaintiff is proceeding *pro se*, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

In this case, Defendant argues that Plaintiff failed to exhaust required administrative remedies prior to filing suit.

### A. Substitution of the United States as Defendant

As an initial matter, the United States argues that it should be substituted as Defendant in place of Defendant Tom Heid as the proper party because the United States is the only proper party in an FTCA action. In this case, Assistant United States Attorney David Shelledy certified that Tom Heid was "acting within the scope of his employment" as an employee of the Department of Veterans Affairs at the time of the alleged incidents giving rise to Plaintiff's claim. (Doc.1-1 at 2). Plaintiff has not presented any evidence to the contrary. Therefore, pursuant to 28 U.S.C. § 2679(d), the United States is properly substituted for the individual defendant. *See Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952).

### B. Lack of Subject Matter Jurisdiction

Defendant asserts that the Court lacks subject matter jurisdiction under the Federal Tort Claims Act.

The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2679(b)(1). The FTCA waives the sovereign immunity of the United States for actions in tort and provides a remedy for persons injured by the tortious activity of an employee of the United States where the employee was acting within the scope of his office or employment. 28 U.S.C. § 1346(b). There are certain limitations to the right to bring suit against the United States under the FTCA that are applicable here. An FTCA action "shall not be instituted" against the United States unless the plaintiff first files an administrative claim with the "appropriate Federal agency" and the claim is denied. 28 U.S.C. § 2675(a). The claim requirement of section 2675(a) is a jurisdictional limitation. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). Because the requirement is jurisdictional, it "must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

The United States contends that Plaintiff failed to present his claim to the VA before filing this case, and Plaintiff neither alleged in his Complaint nor in his response that he had done so. Defendant's contention is accompanied by a sworn declaration from Tom Heid, the Supervisor of the VA Regional Office in Roanoke, Virginia and Loretta Hunter, Management Analyst for the VA as supporting evidence.   Plaintiff responds to Defendant's argument with largely nonsensical letters from 2010 to high ranking officials including President Barack Obama, Attorney General Eric Holder, Congresswoman Eleanor Holmes Norton, Secretary of Veteran Affairs Erik Shinseki, former Director of the FBI Robert Mueller, and former Secretary of Treasury Timothy Geithner seeking to investigate and punish Roanoke Virginia Regional Veterans Affairs Office. (Doc. 14).  Plaintiff also includes several other documents that appear to have no application to his claims against the VA including: a 2009 letter to President Obama requesting a meeting to discuss "alternate energy source," a 2004 letter to former Homeland Security Director Thomas Ridge regarding "terrorism" of electrical and electronic systems, and the business license for Curry Electric Co. (Doc. 14 at 7, 8, 12). In these filings, Plaintiff does not refute his failure to exhaust administrative remedies prior to filing this lawsuit.

The record supports Defendant's contention the Plaintiff failed to present his claim to the VA before filing this case. Defendant has provided a sworn declaration stating that Plaintiff has not filed any administrative tort claims pursuant to the FTCA against the Department of Veteran Affairs. *See* Declaration of Loretta Hunter ("Hunter Decl."), Ex. 3 (Doc. 9-3 at ¶ 2-4).  Plaintiff has offered no evidence to the contrary.  In fact, in his numerous filings, Plaintiff does not dispute that his claims are governed by the FTCA nor does he dispute that he failed to exhaust the administrative claim process prior to filing suit.  Instead, Plaintiff responds to Defendant's motion to dismiss by "requesting [that his] complaint [be] removed from [the] court calendar." (Doc. 14 at 1).

Other Ninth Circuit cases have held that the Court lacks subject matter jurisdiction where Plaintiff failed to exhaust administrative remedies. In *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148 (9th Cir. 1998), the Ninth Circuit Court of Appeals upheld a district court's decision to dismiss common law tort claims against individual defendants on the ground that appellants had

failed to comply with the FTCA by not presenting their tort claims to the appropriate federal agency before raising them in court. Finding no evidence in the record that appellants filed their tort claims with the Air Force, the Court agreed that the district court lacked subject matter jurisdiction over the claims. In *Quezada v. Bogle*, 2007 U.S. Dist. LEXIS 96610, 8-9 (E.D. Cal. Nov. 7, 2007) (Ishii. J), this Court dismissed a *pro se* complaint without leave to amend where Defendant provided a sworn declaration stating that Plaintiff had not "filed any administrative tort claims pursuant to the [FTCA] against United Health Centers." The Court held that Plaintiff had violated 28 U.S.C. § 2675(a) by commencing an action in the district court before her administrative claim was exhausted, reasoning that there are simply no exceptions to the explicit exhaustion prerequisites to filing a suit against the United States. *Id.* at *9.

Having failed to satisfy the jurisdictional prerequisites for maintaining a suit under the FTCA, Plaintiff cannot proceed on his claims against the United States. *See Brady v. United States*, 211 F.3d 499, 502-503 (9th Cir. 2000) (affirming dismissal of action for lack of subject matter jurisdiction where plaintiff "failed to comply with that statute's jurisdictional requirement that she file an administrative claim").  Accordingly, the Court lacks jurisdiction over Plaintiff's claim against the United States and Defendant's Motion to Dismiss should therefore be GRANTED.

**C.     Sua Sponte Screening of Plaintiff's Claims as to Richard Mehaffey**

In addition, upon further review of Plaintiff's Complaint, the Court finds that sua sponte dismissal of the claims against Defendant Richard Mehaffey is required under 28 U.S.C. § 1915(e)(2).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. *Id.* Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Here, Plaintiff's complaint against Defendant Richard Mehaffey is deficient in several respects. First, this Court should dismiss Plaintiff's claims for failure to state a cognizable claim because Plaintiff's complaint is incomprehensible. Specifically, Plaintiff writes:

> Due to gross negligence by Tom Heid and Richard Mehaffey they caused the following upon Clifford E. Curry, Sr.: Severe Emotional distress; Cause death of my wife's Mrs. Vangela Davis-Curry; Unable to receive proper medical treatment and medication; Loss of Veterans benefits; Fraud relating to Veteran's benefits; Excess fiduciary fees, Made mortgage payments to Citibank fraudulent; Made payments to Attorney Clarissa Edwards of Washington, DC. Fraudulent. Violation of Veterans Affairs rules and regulations. Unknown Criminal violations. Gross Civil Rights and Human Rights violations. Disrespectful of Clifford E. Curry, Sr. human rights in all forms. [sic]

Construing these allegations liberally, the Court cannot decipher what potential claims may exist. In addition, without facts to support the claim, the Court finds that Plaintiff has failed to state a claim against Richard Mehaffey. When a complaint is this "vague, conclusory, and general and does not set forth any material facts in support of the allegations," dismissal is proper.

*North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 583 (9th Cir. 1983).

Additionally, there is no indication that venue in this district is appropriate. A civil action, other than one based on diversity jurisdiction, must be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Based on the declarations filed by the United States, Richard Mehaffey is the president of VetProPay, a firm in Norfolk, Virginia that provides fiduciary services to incompetent veterans to manage their VA benefits. Heid Decl. ¶ 5. The complaint fails to clarify that acts giving rise to Plaintiff's claim occurred in the Eastern District of California.[1]

Finally, it appears that Plaintiff seeks to voluntarily dismiss his complaint. In his opposition, Plaintiff requests that the Court remove his complaint from the Court's calendar. (Doc. 14 at 2). The Court interprets Plaintiff's statement as expressing intent not to proceed with the case against Defendant Richard Mehaffey or the United States in this Court. For these reasons, the complaint should be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED THAT**:

1. The United States is **SUBSTITUTED** in place of employee Tom Heid;
2. Defendant's Motion to Dismiss should be **GRANTED**;

---

[1] "Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading" *see Lawrie v. Cline*, No. 11-cv-1235 SBA (PR), 2011 U.S. Dist. LEXIS 128031, 2011 WL 7121807, at *2 (N.D. Cal. Nov. 4, 2011) (unpublished) (transferring case at screening under 28 U.S.C. § 1915A(a)).

3. Plaintiff's claims against Defendant the United States should be **DISMISSED WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE** for failure to exhaust administrative remedies under the FTCA;

4. Pursuant to sua sponte screening of Plaintiff's complaint as to Defendant Richard Mehaffey, Plaintiff's Complaint should be **DISMISSED WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 27, 2013**        /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE